UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KAREN JUTKIEWICZ,<br><br>        Plaintiff,<br><br>        v.<br><br>WANDA ROLDAN, WILLIAM<br>McGONAGLE, GAIL LIVINGSTON,<br>BETSY GALICIA, ELLEN BRADY, and<br>PHILLIS CORBITT,<br><br>        Defendants. | Civil Action No.<br>13-10998-FDS |

**MEMORANDUM AND ORDER ON PLANTIFF'S MOTIONS
TO AMEND AND DEFENDANT BRADLEY'S MOTION TO DISMISS**

**SAYLOR, J.**

## I.   Introduction

Plaintiff Karen Jutkiewicz, a resident of Boston public housing, has filed a *pro se* complaint against the Boston Housing Authority ("BHA") and various BHA employees, alleging violations of her civil rights and of her lease. Plaintiff has filed two separate motions to amend. Defendant Ellen Bradley, an employee of the U.S. Department of Housing and Urban Development, has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## II.   Analysis

### A.   Motions to Amend

Under Fed. R. Civ. P. 15, a party may amend its pleading once as a matter of course within 21 days after serving it, or within 21 days after service of a responsive pleading or motion under Fed. R. Civ. P. 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). All other amendments require the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2).

Plaintiff's first motion to amend seeks to supplement the factual bases for the claims in her complaint and to add two new defendants: Helene Maichele, an attorney who represents BHA; and Matthew Steele, the Civil Rights Policy Manager at BHA. Although it is unclear exactly when defendants were served, plaintiff filed her first motion to amend before defendants filed an answer to the complaint. Accordingly, plaintiff was entitled to amend her filing under Rule 15(a)(1) without first seeking leave from the Court. She will have 120 days from the date of this order to serve the amended pleadings.

However, Maichele has already filed a motion to dismiss under Rule 12(b)(6) that was granted on October 15, 2013, for failure to state a claim upon which relief can be granted. The amendments in plaintiff's motion do not add any new factual allegations or legal claims concerning Maichele. Adding her as a defendant again would only result in another dismissal. Accordingly, plaintiff's first motion to amend will be denied as to Maichele and otherwise granted.

Because plaintiff already filed a motion to amend the complaint, her second motion to amend requires the Court's leave or defendants' consent. Fed. R. Civ. P. R. 15(a)(2). That motion seeks to add Maichele as a defendant. Leave to amend "should be granted unless the amendment would be futile or reward undue delay." *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 117 (1st Cir. 2009). Adding Maichele to the case would be futile. Accordingly, plaintiff's second motion to amend will be denied.

**B.     Bradley's Motion to Dismiss**

Defendant Ellen Bradley has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In particular, the complaint alleges that Bradley spoke to Jutkiewicz about her complaints, and that Bradley referred her to HUD's civil rights office. (Docket No. 7 at 13).

The complaint does not seek relief against Bradley.  Here, even reading the facts in the light most favorable to the non-moving party, *see Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007), the complaint has failed to state a claim upon which relief can be granted as to Bradley.  Accordingly, the motion to dismiss will be granted.

### III.  Conclusion

For the foregoing reasons:

1. Plaintiff's first motion to amend (Docket No. 9) is DENIED insofar as it seeks to add Helene Maichele, and otherwise GRANTED.

2. The Clerk shall issue a summons for service of the complaint on defendants.

3. The Clerk shall send the summons, a copy of the complaint, and this Order to plaintiff, who must thereafter serve defendants in accordance with Federal Rule of Civil Procedure 4(m).  Plaintiff may elect to have service made by the United States Marshals Service.  If directed by plaintiff to do so, the United States Marshals Service shall serve the summons, complaint, and this Order upon defendants, in the manner directed by plaintiff, with all costs of service to be advanced by the United States Marshal Service.

4. Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, plaintiff shall have 120 days from the date of this order to complete service on defendants.

5. Plaintiff's second motion to amend (Docket No. 10) is DENIED.

6. Defendant Ellen Bradley's motion to dismiss (Docket No. 17) is GRANTED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor  
                                                  F. Dennis Saylor IV  
Dated: January 29, 2014                     United States District Judge