# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAREN JUTKIEWICZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-10998-FDS |
| | ) | |
| WANDA ROLDAN, WILLIAM MCGONAGLE, MATHEW STEELE, GAIL LIVINGSTON, BETSY GARCIA, and PHILLIS CORBITT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**SAYLOR, J.**

This is a civil rights action arising out of a housing dispute. Plaintiff Karen Jutkiewicz, a resident of Boston public housing, has filed a *pro se* complaint against various Boston Housing Authority ("BHA") employees. On June 1, 2015, defendants filed a motion for summary judgment.

For the reasons stated on the record, it is highly doubtful that the Court has federal-question jurisdiction in this action, because the claims appear to raise purely state-law issues. However, the complaint makes passing references to alleged civil rights and discrimination violations. Interpreting those as references to 29 U.S.C. § 794, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 3604, and 42 U.S.C. § 12101 *et seq.*, the complaint nonetheless does not contain a plausible allegation under federal law and thus does not satisfy the plausibility standard that is applied to pleadings; instead, the references to possible federal claims are fleeting and conclusory at best. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In any

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KAREN JUTKIEWICZ, | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 13-10998-FDS |
| WANDA ROLDAN, WILLIAM MCGONAGLE, MATHEW STEELE, GAIL LIVINGSTON, BETSY GARCIA, and PHILLIS CORBITT, | ) | |
| Defendants. | ) | |

## ORDER

**SAYLOR, J.**

This is a civil rights action arising out of a housing dispute. Plaintiff Karen Jutkiewicz, a resident of Boston public housing, has filed a *pro se* complaint against various Boston Housing Authority ("BHA") employees. On June 1, 2015, defendants filed a motion for summary judgment.

For the reasons stated on the record, it is highly doubtful that the Court has federal-question jurisdiction in this action, because the claims appear to raise purely state-law issues. However, the complaint makes passing references to alleged civil rights and discrimination violations. Interpreting those as references to 29 U.S.C. § 794, 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 3604, and 42 U.S.C. § 12101 *et seq.*, the complaint nonetheless does not contain a plausible allegation under federal law and thus does not satisfy the plausibility standard that is applied to pleadings; instead, the references to possible federal claims are fleeting and conclusory at best. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In any

event, plaintiff has failed "to make a showing sufficient to establish the existence of an element essential to [her] case, and on which [she] will bear the burden of proof at trial." *See Coll v. PB Diagnostic Sys.*, 50 F.3d 1115, 1121 (1st Cir. 1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  Accordingly, to the extent that plaintiff raises federal claims, summary judgment will be granted pursuant to Fed. R. Civ. P. 56.

If a "district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction . . . ." 28 U.S.C. § 1367.  "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).  "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*   Because the federal claims will be dismissed, the Court will decline to exercise its supplemental jurisdiction over any state claims.  Therefore, any of Jutkiewicz's claims arising under Massachusetts law will be dismissed without prejudice.

Accordingly, defendants' motion for summary judgment is GRANTED, and this case is hereby DISMISSED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: July 28, 2015 | United States District Judge |